IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| TOMMY MCNEAL, | : |
| Plaintiff, | : |
| v. | : No. 4:18-cv-00067-CDL-MSH |
| COLUMBUS POLICE DEPARTMENT, *et al.*, | : |
| Defendants. | : |

## ORDER

This case is currently before the Court for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Tommy McNeal, an inmate confined at the Muscogee County Jail, filed the above-captioned proceeding seeking relief under 42 U.S.C. § 1983 and requested to proceed without the prepayment of filing fees. For the following reasons, Plaintiff's complaint is hereby **DISMISSED without prejudice**.

### I. Motion to Proceed In Form Pauperis

Although Plaintiff was previously granted *in forma pauperis* status, Plaintiff is still obligated to pay the full balance of the filing fee, in installments, as set forth in 28 U.S.C. § 1915(b) and explained below. It is thus requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that

1

withdrawals from his account may commence as payment toward the filing fee.

  A. <u>Directions to Plaintiff's Custodian</u>

  It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee ($328.88 remaining) has been paid in full. In accordance with the provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

  B. <u>Plaintiff's Obligations Upon Release</u>

  Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff

is released from custody and fails to remit payments. Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II. Preliminary Review of Plaintiff's Complaint

### A. Standard for Preliminary Review

Because Plaintiff is a pretrial detainee proceeding under Section 1983 and seeks to proceed in forma pauperis in this action, his complaint is subject to screening under 28 U.S.C. §§ 1915(e) & 1915A which require a district court to dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) (stating that allegations in the complaint must be viewed as true). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* complaint is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

To state a viable claim, the complaint must include "enough factual matter" to "give

3

the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There must also be "enough facts to raise a reasonable expectation that discovery will reveal evidence" to prove the claim. *Id*. at 556. The claims cannot be speculative or based solely on beliefs or suspicions; each must be supported by allegations of relevant and discoverable fact. *Id*. Thus, neither legal conclusions nor a recitation of legally relevant terms, standing alone, is sufficient to survive preliminary review. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555). Claims without an arguable basis in law or fact will be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (noting that claims are frivolous if "clearly baseless" or based upon "indisputably meritless" legal theories).

    B. Plaintiff's Claims

The events underlying Plaintiff's complaint occurred "on or about" January 4, 2018. Compl. 5, ECF No. 1. According to Plaintiff, on that date the members of the Columbus Police Department arrested Plaintiff and transferred him to Midtown Medical Center where medical staff treated Plaintiff's "serious illness." *Id*. Although Plaintiff arrived at the medical center fully clothed, Plaintiff realized his pants, belt, shoes, and underwear were missing when he "finally was aware of [his] surroundings." *Id*. The medical staff

told Plaintiff that he changed into a pair of medical pants when he arrived, they placed his belongings in a property bag bearing Plaintiff's name, and staff would inform the Columbus Police Department that Plaintiff's belongings could be retrieved at the time of his discharge. *Id.*

Plaintiff continues that when he discharged from the medical center and arrived at the jail, he realized that the transporting officer did not bring Plaintiff's property with them. The officer told Plaintiff that "he knew nothing about any property." *Id.* at 6. Plaintiff states that his wallet was inside his pants and contained his driver's license, money, social security card, Medicaid card, and insurance card, and Plaintiff now fears that he will be a victim of identity theft. *Id.* Plaintiff seeks the return of his personal property, and $39,000 damages for distress, pain, suffering, replacement value of his property, and to offset future risk of identity theft.

    *i.*    *Defendant Police Department and Medical Center*

"To have a cause of action pursuant to § 1983, the plaintiff must allege that a person deprived him of a federal or constitutional right and that the person was acting under color of state law." *Edwards v. Wallace Cmty. College*, 49 F.3d 1517, 1522 (11th Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Whether an entity has the capacity to be sued in a Section 1983 action "is determined by the law of the state in which the district court sits." *Falkner v. Monroe Cty. Sheriff's Dept.*, 523 F. App'x 696, 700 (11th Cir. 2013) (per curiam) (citing *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992)); *Robinson v. Hogansville Police Dept.*, 159 F. App'x 137, 138 (11th Cir. 2005) (per curiam)

("Under Federal Rule of Civil Procedure 17(b), the capacity to sue or be sued [is] be determined by the law of the state in which the district court is held."). Because the events underlying this action occurred in Georgia, Georgia law determines the capacity to be sued. Georgia recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." *Lovelace v. Dekalb Cent. Probation*, 144 F. App'x 793, 795 (11th Cir. 2005) (per curiam) (quoting *Georgia Insurers Insolvency Pool v. Elbert Cty.*, 258 Ga. 317 (1988)).

Plaintiff has named two Defendants in this action, one of which is the Columbus Police Department. "Sheriff's Departments and police departments are not usually considered legal entities subject to suit." *Dean*, 951 F.2d at 1214. Indeed, the Columbus Police Department is not a natural person, an artificial person, or a quasi-artificial person recognized as being capable to sue. Under Georgia law, the Columbus Police Department thus lacks the capacity to be sued. Consequently, Plaintiff has failed to state a claim against the Columbus Police Department.

Plaintiff also cannot proceed against Defendant Midtown Medical Center. As discussed above, in order to state a claim under § 1983, Plaintiff must allege that his constitutional rights were violated by a person acting under color of state law. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982) ("The party charged with the deprivation must be a person who may fairly be said to be a state actor."); *Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001) ("In order to prevail on a civil rights

6

action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law.").

Plaintiff complains that Midtown Medical Center personnel failed to return his property. Based on his allegations, however, it is clear that Defendant Midtown Medical Center is a private entity not acting under color of state lawe, and it cannot be held liable in a Section 1983 suit unless its actions amount to state action. The actions of private parties may amount to state action when one of three tests is met: the "(1) public function test; (2) the state compulsion test; and (3) the nexus/joint action test." *Willis v. Uni. Health Services, Inc.,* 993 F.2d 837, 840 (11th Cir. 1993) (citing *Nat'l Broadcasting Co., Inc. v. Com. Workers of America, AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988)). Only in "rare circumstances" will one of these tests be satisfied by a private party. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Plaintiff's complaint is devoid of allegations that would plausibly suggest that Midtown Medical Center satisfies one of these tests or that its actions amounted to state action. Plaintiff has failed to state a claim against Defendant Midtown Medical as it is not a "state actor" for purposes of Section 1983.

  ii. *Fourteenth Amendment Property Deprivation*

Even if Plaintiff had named a competent defendant in his complaint, he still would not be able to proceed with his claim. Because Plaintiff complains that the Defendants allegedly lost his personal property, it appears that he seeks to raise a Fourteenth Amendment due process claim based on that deprivation. "To successfully assert a

Fourteenth Amendment procedural due process claim under § 1983, a plaintiff must establish that (1) the defendant deprived him of a liberty or property interest protected by the Constitution; (2) the deprivation occurred under color of state law, and (3) he was not provided with constitutionally adequate process to redress the harm." *Mines v. Barber*, 610 F. App'x 838, 840 (11th Cir. 2015) (per curiam) (citing *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). And "a random and unauthorized deprivation does not violate procedural due process if the state provides an adequate post-deprivation remedy." *Mines*, 610 F. App'x at 840 (quoting *Carcamo v. Miami-Dade Cty.*, 375 F.3d 1104, 1105 (11th Cir. 2004)). The Eleventh Circuit recognizes several state law remedies available to Georgia detainees complaining of property deprivations, including the institution's administrative grievance system and a civil cause of action for wrongful conversion. *Mines*, 610 F. App'x at 840; *see also Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam); *Stickels v. Chief Police, Gwinnett Cty. Police Dept.*, 279 F. App'x 790, 791 (11th Cir. 2008) (per curiam) (state law civil action for wrongful conversion was adequate state post-deprivation remedy for failure of state officials to return property).

Here, Plaintiff states that the Defendants failed to ensure that Plaintiff received his property when they transferred him from the medical center to the jail. Liberally construed,

Plaintiff is alleging that he was deprived of his property without due process of law. Plaintiff, however, cannot plausibly state a due process claim as Georgia law provides an adequate post-deprivation remedy. *See Mines*, 610 F. App'x at 838. Georgia law provides an action in tort for the wrongful deprivation of personal property, and there is nothing to suggest that Plaintiff could not pursue a state law tort claim. Plaintiff thus has a post-deprivation remedy under Georgia law, and he does not allege that it is inadequate to redress the harm he suffered. Accordingly, Plaintiff has failed to state a due process claim.

### III. CONCLUSION

Pursuant to the above, Plaintiff's complaint is **DISMISSED without prejudice** for failure to state a federal claim upon which relief may be granted. To the extent that Plaintiff's allegations could be construed as an attempt to assert a state law conversion claim, the Court declines to exercise supplemental jurisdiction over such a claim given the dismissal of Plaintiff's federal claims.

**SO ORDERED**, this 18th day of May, 2018

_S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA